[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12061

_____

D.C. Docket No. 9:06-cr-80070-DMM-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLTON POTTS,
a.k.a. Pep,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 19, 2021)

Before LAGOA, HULL and MARCUS, Circuit Judges.

HULL, Circuit Judge:

Carlton Potts appeals the district court's denial of his motion for a sentence reduction pursuant to § 404(b) of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194. After a careful review of the record and with the benefit of oral argument, we affirm.

## I. BACKGROUND

### A. Initial Sentencing

In 2006, Potts entered guilty pleas in two consolidated criminal cases pursuant to a written plea agreement. In Case No. 06-cr-80070, Potts pled guilty to conspiracy to distribute at least 50 grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii) and 846.

In Case No. 06-cr-80081, Potts pled guilty to drug and firearm offenses: (1) conspiracy to manufacture, possess with intent to distribute, and distribute at least 50 grams of crack cocaine and at least 5 kilograms of powder cocaine, in violation of §§ 841(a)(1), (b)(1)(A)(iii) and 846; and (2) being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g) and 924(e).

At sentencing, the district court calculated Potts' advisory guidelines range of 360 months to life for his two drug convictions. The district court granted Potts a U.S.S.G. § 5K1.1 downward departure for substantial assistance and imposed concurrent 240-month sentences on each drug case, followed by concurrent

2

supervised release terms of 10 years in Case No. 06-cr-80070 and 5 years in Case No. 06-cr-80081.  For his § 922(g) firearm conviction in Case No. 06-cr-80081, Potts received a third concurrent 240-month prison sentence and a concurrent 5-year term of supervised release.

## B.    First Step Act Motion

In March 2019, Potts filed a <u>pro se</u> "Motion for Appointment of Counsel and Motion for Reduction of Sentence" under the First Step Act.[1]  Potts' motion argued he was eligible for a sentence reduction under the First Step Act and should receive one.

At the district court's direction, the government and the probation officer filed responses to Potts' First Step Act motion for a sentence reduction.  The government opposed Potts' motion, arguing that: (1) Potts was ineligible for a First Step Act reduction because he was not convicted of a "covered offense"; and (2) in any event, even if he was eligible, such relief was not warranted based on the 18 U.S.C. § 3553(a) factors and the facts and circumstances of Potts' case.  The government addressed certain § 3553(a) factors and why a reduction was not

---

[1] Potts' motion for a sentence reduction also cited 18 U.S.C. § 3582(c).  However, this Court has now held that a motion brought under the First Step Act need not be paired with a request for relief under § 3582(c)(1)(B) because the First Step Act is self-contained and self-executing.  <u>See</u> <u>United States v. Edwards</u>, ___ F.3d ___, 2021 WL 1916358, at *2 (11th Cir. May 13, 2021).

warranted.  In particular, the government emphasized Potts' extensive criminal history and the seriousness of his offenses.

The probation officer, however, filed a memorandum that determined that Potts was eligible for relief under the First Step Act.  As a result, the memorandum calculated a new advisory guidelines range of 292 to 356 months after Amendment 782 to the Sentencing Guidelines.  The probation officer also advised the district court what Potts' new mandatory minimum and maximum penalties would be with retroactive application of the Fair Sentencing Act.  In particular, the probation officer's memorandum advised that Potts' minimum supervised release term on his drug conviction in Case No. 06-cr-80070 was reduced from 10 years to 8 years under the Fair Sentencing Act.  As to Case No. 06-cr-80081, the probation officer's memorandum stated that his minimum supervised release term on his drug conviction was 5 years and the minimum supervised release term on his firearm conviction remained at 5 years.

In a May 7, 2019 order, the district court denied Potts' First Step Act motion, "[a]fter consideration of the government and probation's responses."  The court concluded that: (1) Potts was ineligible because he was not sentenced for a "covered offense" within the meaning of the First Step Act; and alternatively (2) "even if legally eligible for a sentence reduction pursuant to the First Step Act, the factors set forth in 18 U.S.C. § 3553(a) indicate that a sentence reduction is

unwarranted under the facts and circumstances of this case." Potts filed this appeal, and this Court appointed him counsel.

## C.    Compassionate Release to Time Served

On September 14, 2020, while Potts' appeal was pending, the district court granted Potts' motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). After analyzing the § 3553(a) factors, the district court concluded that there were compelling reasons to grant relief. Potts' serious medical conditions rendered him uniquely vulnerable to COVID-19 and that outweighed his extensive criminal history. The district court reduced Potts' prison term to time served on his two drug convictions and his firearm conviction and ordered him released immediately.

As a special condition of compassionate release, the district court imposed an additional 37-month supervised release term—the unserved portion of his original prison sentence—to be served on "home confinement" before serving his original, concurrent supervised release terms of 10 years and 5 years.

## II.  DISCUSSION

After supplemental briefing, the parties agree that Potts' compassionate release renders his appeal moot as to his prison terms but not as to his undischarged supervised release terms. The parties also agree that, in light of this Court's decision in United States v. Jones, 962 F.3d 1290 (11th Cir. 2020), Potts' crack cocaine offenses qualify as "covered offenses" under the First Step Act,

5

making him eligible for a reduction of his supervised release terms on his two drug convictions.  However, the First Step Act did not change his 5-year concurrent supervised release term on his firearm conviction.  So, no matter the drug convictions, Potts still has a 5-year supervised release term on his firearm conviction.

Thus, the issue on appeal is whether the district court abused its discretion in declining to reduce Potts' (1) 10-year supervised release term on his drug conviction in Case No. 06-cr-80070, and (2) his 5-year supervised release term on his drug conviction in Case No. 06-cr-80081.[2]  As to Case No. 06-cr-80081, as noted above, Potts has a 5-year supervised release term for his firearm conviction in the same case.  Thus, the more important supervised release term for Potts is his existing 10-year supervised release term on his separate drug conviction in Case No. 06-cr-80070.

Although the district court was authorized to reduce Potts' prison terms and his supervised release terms, it was not required to do so.  See United States v. Denson, 963 F.3d 1080, 1084 (11th Cir. 2020); Jones, 962 F.3d at 1304.  Indeed, the district court has "wide latitude to determine whether and how to exercise [its]

---

[2]We review for abuse of discretion a district court's denial of an eligible movant's First Step Act motion and "must affirm unless the district court made a clear error of judgment or applied the wrong legal standard." United States v. Denson, 963 F.3d 1080, 1086 n.4 (11th Cir. 2020).

discretion in [the First Step Act] context." Id. In its alternative ruling, the district

court concluded that a reduction under the First Step Act was unwarranted in light

of "the factors set forth in 18 U.S.C. § 3553(a)" and "under the facts and

circumstances of this case." It is undisputed that Potts had an extensive criminal

history and qualified as both a career offender and an armed career criminal under

the Sentencing Guidelines. Under the circumstances, we cannot say the district

court's refusal to reduce Potts' supervised release terms was an abuse of its

discretion.

Potts argues we must remand because we cannot discern from the district

court's alternative ruling which § 3553(a) factors it considered, making it

incapable of meaningful appellate review. At the outset, this Court recently held

that "the First Step Act does not mandate consideration of the statutory sentencing

factors set forth in § 3553(a)" United States v. Stevens, ___ F.3d ___, No. 19-

12858, slip op. at 15 (11th Cir. May 19, 2021) (explaining that to hold otherwise

"would impermissibly hamper and cabin [the] wide discretion that Congress

expressly afforded district courts"). Thus, a district court may, but is not required

to, consider the § 3553(a) factors in deciding whether to exercise its discretion and

reduce a sentence under the First Step Act. See id.: Jones, 962 F.3d at 1304.

That said, the district court's decision whether to reduce a defendant's

sentence under the First Step Act "must adequately explain its sentencing decision

to allow for meaningful appellate review." Stevens, ___ F.3d at ___, No. 19-12858, slip op. at 16. As with an initial sentencing, the district court should set forth enough to demonstrate it "considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." Id. at ___, No. 19-12858, slip op. at 16 (alteration in original) (citing Rita v. United States, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468 (2007), and Gall v. United States, 552 U.S. 38, 50, 128 S. Ct. 586, 597 (2007)); see also United States v. Russell, 994 F.3d 1230, 1239 (11th Cir. 2021). How much explanation is required "depends . . . upon the circumstances of the particular case." Chavez-Meza v. United States, 585 U.S. ___, 138 S. Ct. 1959, 1965 (2018); see also Stevens, ___ F.3d at ___, No. 19-12858, slip op. at 16 (acknowledging that the explanation "need not necessarily be lengthy" so long as it makes clear the district court's reasoned basis for its decision). "In some cases, it may be sufficient for purposes of appellate review that the judge simply relied upon the record, while making clear that he or she has considered the parties' arguments and taken account of the §3553(a) factors, among others." Chavez-Meza, 585 U.S. at ___, 138 S. Ct. at 1965; see also United States v. Eggersdorf, 126 F.3d 1318, 1322-23 (11th Cir. 1997) (finding district court's explanation for denying a § 3582(c)(2) reduction sufficient where it stated it had reviewed the government's brief in opposition that set out and addressed the pertinent § 3553(a) factors).

Here, the district court stated it had reviewed the government's response, which set out and addressed the § 3553(a) factors, and the probation officer's memorandum. And, as noted above, as to Potts' drug conviction in Case No. 06-cr-80070, the probation officer's memorandum not only indicated Potts was eligible for a sentence reduction but also set forth the fact that his minimum supervised release term was reduced from 10 years to 8 years. As to Case No. 06-cr-80081, Potts had a 5-year supervised release term on his firearm conviction, no matter the supervised release term on his drug conviction in that case.[3] The district court stated that, after reviewing the government's response and the probation officer's memorandum, it had determined the § 3553(a) factors indicated that a reduction was not warranted under the facts and circumstances of Potts' case. The district court's explanation, while brief, was sufficient, and a remand for a more complete explanation is unnecessary. And, the district court's decision not to reduce Potts' supervised release terms under the First Step Act was not an abuse of discretion.

Finally, we note this case is materially different from our recent decision in Russell for several reasons. First, the defendant in Russell merely wrote a letter

---

[3]While Potts' counsel does not raise this issue, the probation officer's memorandum said the new supervised release term on the drug conviction in Case No. 06-cr-80081 was 5 years when it was 4 years. That seems to be a typo. But, we conclude any error in the probation officer's memorandum was harmless, as Potts had 5 years of supervised release on his firearm conviction anyway.

9

asking the district court to appoint counsel to assist him in filing a First Step Act motion. Russell, 994 F.3d at 1234. The district court sua sponte converted his request into a motion for a sentence reduction although the defendant did not request a sentence reduction in his letter. Id. at 1240 & n.9. In contrast, Potts filed a combined motion for appointment of counsel and for a sentence reduction in which he argued that he was both eligible for and deserved a sentence reduction under the First Step Act.

Second, in Russell the district court ordered the probation officer to file a response, but that response was never made part of the record. Id. at 1235 n.3. Here, unlike in Russell, the district court's order expressly referenced the probation officer's memorandum, which advised that Potts was eligible for a sentence reduction. Further, the government's response alternatively assumed Potts was eligible and addressed whether the district court should exercise its discretion and reduce Potts' sentences. In doing so, the government reviewed the facts and circumstances of Potts' case, addressed the § 3553(a) factors, and stressed his extensive criminal history and the seriousness of his offenses.

Third, and perhaps most importantly, the record in Potts' case is not ambiguous as to the district court's alternative ruling denying Potts a sentence reduction as a matter of discretion. In its alternative ruling, the district court stated that "even if [Potts was] legally eligible,"—meaning the court accepted for

10

purposes of its alternative ruling that it had the authority to grant Potts' motion—it would not reduce Potts' sentence as a matter of discretion in light of the § 3553(a) factors and the facts and circumstances of Potts' case. The district court did not include any "ambiguous" language like that found in the district court's reconsideration order in Russell. See id. at 1239. Rather, here we are fully able to discern the district court's two alternative bases for denying Potts' motion for a sentence reduction.

In short, we find the district court's brief explanation for that alternative ruling adequate for meaningful appellate review, and a remand is not required here.[4]

**AFFIRMED.**

---

[4]For completeness and clarity, we point out that the district court in Stevens said only "[e]ven if the First Step Act applied, the Court would still impose a sentence of five (5) years of supervised release." Stevens, ___ F.3d at ___, 19-12858, slip op. at 6 (quotation marks omitted, alteration in original). Here though, the district court said more, as outlined above, and we are able to conduct meaningful appellate review under the facts and circumstance of this case.

The government argues that a remand is not required because we can look to the district court's compassionate release order to conclude that it would be futile to remand, as the district court reaffirmed the same terms of supervised release in that order. In effect, the government says remand is unnecessary because any alleged error was harmless. We need not address this argument given our holding above. Further, we note that Potts is not only now released but also has a mandatory 5-year concurrent term of supervised release on his firearm conviction that is not impacted by the First Step Act.