[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13169
Non-Argument Calendar

_____

D.C. Docket No. 1:08-cr-20190-JEM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMAS JOHNSON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 14, 2021)

Before WILLIAM PRYOR, Chief Judge, NEWSOM and ANDERSON, Circuit Judges.

PER CURIAM:

Thomas Johnson appeals the partial denial of his motion for a sentence reduction based on the First Step Act of 2018. Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222. Two years after the President commuted Johnson's sentence of imprisonment from 360 months to 240 months, Johnson moved, without success, for a further reduction of his sentence of imprisonment and his term of supervised release. On appeal, we vacated the denial of relief because it was unclear whether the district court understood that it could reduce Johnson's sentence below his revised advisory guideline range and remanded for further proceedings. *United States v. Jones*, 962 F.3d 1290, 1293, 1296, 1305 (11th Cir. 2020). On remand, the district court granted Johnson's request to reduce his term of supervised release from eight years to six years, but it declined to reduce Johnson's sentence of imprisonment, 18 U.S.C. § 3553. We affirm.

We review the denial of a motion to reduce a sentence based on the First Step Act for abuse of discretion. *Jones*, 962 F.3d at 1296. "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *United States v. Khan*, 794 F.3d 1288, 1293 (11th Cir. 2015) (quoting *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1096 (11th Cir. 2004)). Because abuse of discretion is a deferential standard of review, the district court has a range of choice that we will not disturb even though we might have made a different

decision. *United States v. Riley*, 995 F.3d 1272, 1278 (11th Cir. 2021).

The district court did not abuse its discretion. It understood that it had the authority under the First Step Act to reduce Johnson's sentence of imprisonment and chose to do so in part. Johnson argues that the district court should have considered the statutory sentencing factors, but the record shows that it did so.

As in *United States v. Potts*, 997 F.3d 1142, 1145 (11th Cir. 2021), the district court decided that the sentencing factors did not support a reduction of Johnson's sentence of imprisonment. The district court reasonably determined that "the facts of [Johnson's] case [did] not merit a revised sentence below . . . 240 months" in the light of the "amount of crack cocaine [he] was convicted of possessing," "the danger drug trafficking brings to the community," and his status as a career offender for accumulating 17 convictions in 12 years that included numerous controlled substance offenses. *See* 18 U.S.C. § 3553(a). Even so, the district court decided "that Johnson's conduct while imprisoned justifie[d] reducing his term of supervised release from eight years to six." Johnson argues that the district court should have given more weight to his rehabilitation and positive prison record, but "[t]he weight given to any specific § 3553(a) factor is left to the district court's discretion," *United States v. Fox*, 926 F.3d 1275, 1282 (11th Cir. 2019). We cannot say that the district court abused its discretion in reducing only Johnson's term of supervised release and leaving undisturbed his

3

sentence of imprisonment.

**AFFIRMED.**