[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14045
Non-Argument Calendar

_____

D.C. Docket No. 2:94-cr-14098-WPD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHNNY LEE LEONARD,
a.k.a. Crow,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 21, 2021)

Before WILSON, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

Johnny Lee Leonard, a federal inmate serving a life sentence of imprisonment, appeals the district court's partial denial, on remand, of his motion for a total sentence reduction under 18 U.S.C. § 3582(c)(1)(B) and section 404 of the First Step Act of 2018, after we vacated the district court's earlier denial of the same motion.[1]  After careful review, we affirm.

In 1994, a federal grand jury charged Leonard with conspiracy to distribute a detectable amount of crack cocaine, in violation of 21 U.S.C. § 846 (Count 1); distributing a detectable amount of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (Counts 2 and 3); employing a minor in the distribution of a detectable amount of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 861 (Count 4); and possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count 5).  The government filed a § 851 enhancement notice and attached records of four prior felony drug convictions.  At trial, a jury convicted Leonard on all counts.

The Presentence Investigation Report (PSI) described the offense conduct and noted that law enforcement conducted four controlled purchases of crack cocaine from Leonard and his son.  On one occasion, Leonard and his son were

---

[1] *United States v. Leonard*, 827 F. App'x 993 (11th Cir. 2020) (per curiam).  There, we vacated and remanded the case, holding that the district court's orders left unclear whether it understood the extent of its authority to resentence Leonard under the First Step Act. *Id.* at 996.

assisted by two other individuals, one of whom was a juvenile.  In the sale charged in Count 2, an undercover officer purchased 5.6 grams of crack cocaine from Leonard and his son.  In the sale charged in Counts 3 and 4, Leonard sold 39.5 grams of crack cocaine to an undercover officer with the assistance of his minor daughter, who was 15 years old at the time of her involvement.  At the time of Leonard's arrest, law enforcement found him in possession of 85.4 grams of crack cocaine, as charged in Count 5.  The PSI stated that the total amount of crack cocaine seized was 131.5 grams.

The PSI assigned a base offense level of 33 because Leonard's distribution offenses included between 50 and 150 grams of crack cocaine.  It added a 4-level enhancement because Leonard was the leader and organizer of an offense involving at least 5 people, for an adjusted offense level of 37.  The PSI noted that Leonard was a career offender because he had at least 2 prior felony convictions for controlled-substance offenses, which meant that, pursuant to U.S.S.G § 4B1.1, his offense level would be reset to 37, even if his offense level had not already been 37.

The PSI reported that Leonard had several state convictions.  Leonard's criminal history category was VI, based on a total criminal history score of 14 and his career-offender status.  The PSI found that, based on his total offense level of 37 and a criminal history category of VI, his guideline term of imprisonment

3

would have been 360 months to life.  However, the PSI noted that the statutory

imprisonment range for Counts 1 and 5 was life, pursuant to the enhanced penalties

prescribed by 21 U.S.C. § 841(b)(1)(A); 10 years to life for Counts 2 and 3,

pursuant to the enhanced penalties in 21 U.S.C. § 841(b)(1)(B); and 5 to 80 years

for Count 4, pursuant to 21 U.S.C. §§ 841(b)(1)(B) and 861(b).  Due to the

mandatory minimum life sentences for Counts 1 and 5 respectively, his guideline

range ended up being life imprisonment.

At Leonard's sentencing hearing, the district court adopted the findings in

the PSI and sentenced him to concurrent terms of life imprisonment as to each of

Counts 1–3 and 5, and 80 years as to Count 4.  The district court also imposed

concurrent supervised release terms of 10 years as to Counts 1 and 5, and 8 years

as to Counts 2–4.  Leonard appealed, but we affirmed his convictions and

sentences.  *United States v. Leonard*, 116 F.3d 492 (11th Cir. 1997) (mem.).

In 2018, Congress enacted the First Step Act.  Leonard filed a pro se request

for a sentence reduction pursuant to the First Step Act in 2019.  The district court

denied Leonard's motion, finding that his statutory range as to Counts 1, 3, and 5

would still include an enhanced maximum penalty of life imprisonment based on a

finding of over 28 grams of crack cocaine, and thus, his guideline range as a career

offender would remain the same.  The district court found that Leonard's

mandatory life sentences for Counts 1 and 5 were not affected by the First Step

4

Act.  It stated that his guideline sentence for Count 3 would remain life imprisonment.  However, the district court found that the maximum penalty for Count 2 would be reduced to 30 years, as only 5.6 grams of crack cocaine were involved.  Thus, it denied Leonard's motion in part as to Counts 1, 3, 4, and 5, but granted it in part as to Count 2 and reduced that sentence to 360 months in prison, followed by 6 years of supervised release.  The district court entered an amended judgment on March 28, 2019, stating that Leonard's life sentences remained on Counts 1, 3, and 5.

In April 2019, the district court issued an order clarifying that the life sentences for Counts 1 and 5 are "no longer mandatory."  The district court's order remained otherwise unchanged.  Leonard moved for reconsideration, but the district court denied the motion.

On appeal, we vacated the district court's judgment and remanded the case. *United States v. Leonard*, 827 F. App'x 993 (11th Cir. 2020) (per curiam).  We held that Leonard was eligible for a reduction, and that "it [was] not clear from any of the district court's orders whether the district court understood the extent of its authority to resentence Leonard under the First Step Act." *Id.* at 996.  Further, we noted that the district court "focused only on guideline ranges" and "gave no discernable analysis of Leonard's eligibility or its authority to reduce Leonard's sentences under the First Step Act." *Id.*  As a result, it was ambiguous whether the

5

court was exercising discretion. *Id.* We vacated and remanded for the district court to "reconsider Leonard's motion with a full understanding of its authority under the First Step Act." *Id.*

On remand, the district court again denied Leonard's motion as to Counts 1, 3, 4, and 5. The district court stated in its order that it had considered the sentencing guidelines and the § 3553(a) factors, and that "the same life sentence [was] necessary to promote respect for the law and act as a deterrent." The court noted that Leonard had used his son and daughter to facilitate the crimes, and that he had multiple state court convictions. Although the court recognized several mitigating factors—including Leonard's good behavior in prison, his family support, and his age—the court found that "the aggravating factors outweigh the mitigating factors." Accordingly, the court denied Leonard's request for a sentence reduction as to Counts 1, 3, 4, and 5, noting that it had already reduced his Count 2 sentence. Again, Leonard appealed.

Leonard makes two arguments, which we will consider in turn. First, he argues that the First Step Act required the district court to consider each of the 18 U.S.C. § 3553(a) sentencing factors in order to properly exercise its discretion in ruling on his motion for a total sentence reduction, and that by failing to do so, it

abused its discretion and imposed a procedurally unreasonable total sentence.[2] Second, he asserts that his total sentence was substantively unreasonable because the district court gave excessive weight to his criminal history, at the expense of adequately considering his rehabilitation and the intervening changes to the sentencing regime since he was sentenced in 1995. For the reasons that follow, we find neither argument persuasive.

We begin with Leonard's argument that the district court erred by failing to consider each of the § 3553(a) sentencing factors. Generally, we review de novo whether a district court had the authority to modify a prison term. *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020), *cert. denied*, No. 20-6841 (U.S. May 17, 2021) (mem.). District courts lack the inherent authority to modify a term of imprisonment, but they may do so to the extent that a statute expressly permits. 18 U.S.C. § 3582(c)(1)(B).

In 2018, Congress passed the First Step Act to give district courts the discretion "to apply retroactively the reduced statutory penalties for crack-cocaine offenses in the Fair Sentencing Act of 2010 to movants sentenced before those

---

[2] Leonard also contends, for the first time in his reply brief, that the district court erred by disregarding certain arguments concerning his rehabilitation, and thus failing to set forth the reasons for its decision in a manner sufficient to enable appellate review. He also requests, on various grounds, that his case be reassigned to a different district judge on remand. Because he did not properly raise the first argument, we decline to consider it. *See United States v. Chalker*, 966 F.3d 1177, 1195 n.8. Further, because we hold that the remaining issues raised on appeal lack merit, the issue of reassignment is moot.

penalties became effective." *Jones*, 962 F.3d at 1293. Section 404 of the First Step Act authorizes a district court "that imposed a sentence for a covered offense" to reduce a defendant's sentence. First Step Act § 404(b). A "covered offense" refers to a "violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010." *Id.* § 404(a). The First Step Act permits a district court to "impose a reduced sentence as if" the Fair Sentencing Act had been "in effect at the time the covered offense was committed." *Id.* § 404(b). The First Step Act leaves to the district court's discretion whether to reduce a sentence for an eligible defendant, stating that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." *Id.* § 404(c).

In *United States v. Stevens*, 997 F.3d 1307 (11th Cir. 2021), we addressed what is required of a district court when exercising its discretion under the First Step Act. We noted that, at a minimum, a district court must adequately explain its sentencing decision to allow for meaningful appellate review. *Id.* at 1317 (citing *Gall v. United States*, 552 U.S. 38, 50–51 (2007)). Specifically, the district court must show that it has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority. *Id.* Importantly, we stated that a district court is not required to consider the § 3553(a) factors when exercising its discretion to reduce a sentence under section 404 of the First Step

Act, although doing so may be a "best practice." *Id.* at 1316, 1318; *see also United States v. Potts*, 997 F.3d 1142, 1145 (11th Cir. 2021).

Our decision in *Stevens* forecloses Leonard's argument that the district court was required to consider the § 3553(a) factors when considering his motion for sentence reduction under section 404 of the First Step Act. Under *Stevens*, the district court explained its decision in terms adequate to enable appellate review. *See* 997 F.3d at 1317. It considered the § 3553(a) factors despite not being required to, it considered Leonard's guideline range, and it noted the aggravating and mitigating factors it took into account. This explanation was sufficient to establish a reasoned basis for the court's decision.

We turn next to Leonard's argument that his sentence was substantively unreasonable because the district court gave excessive weight to his criminal history. When appropriate, we will review the substantive reasonableness of a sentence using a deferential abuse-of-discretion standard. *United States v. Irey*, 612 F.3d 1160, 1165 (11th Cir. 2010) (en banc).

A district court abuses its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering proper factors. *Id.* at 1189. The weight a district court accords to the § 3553(a) factors lies within the district court's sound discretion, and we will not substitute our

9

judgment for that of the district court. *United States v. Joseph*, 978 F.3d 1251, 1266 (11th Cir. 2020). And although we do not presume a sentence within the advisory guideline range to be reasonable, "we ordinarily expect such a sentence to be reasonable." *Id.*

Here, because Leonard's sentence is within the guideline range, we expect it to be reasonable. Leonard argues that the district court neglected to adequately consider two specific factors: (1) his rehabilitation and (2) the changes to the sentencing regime since his original sentencing. Yet the court acknowledged Leonard's rehabilitation and other mitigating factors; it simply found that they were outweighed by his criminal record and the nature of the offense. That decision was within the court's sound discretion. *See id.* As for the changes to the sentencing regime, although Leonard disagrees with the district court's decision that a total life sentence was still necessary to promote respect for the law and serve as a deterrent, we will not substitute our own judgment for that of the district court. *See id.* For the foregoing reasons, we affirm the district court.

**AFFIRMED.**