[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-14171
Non-Argument Calendar
_____

D.C. Docket No. 8:02-cr-00122-SCB-SPF-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD RAY LANGDON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 7, 2021)

Before JORDAN, JILL PRYOR and GRANT, Circuit Judges.

PER CURIAM:

Ronald Langdon, a federal prisoner, appeals the district court's denial of his motion for a sentence reduction under § 404(b) of the First Step Act of 2018. After careful consideration, we affirm.

I.

In 2003, a jury found Langdon guilty of conspiring to possess with intent to distribute five kilograms or more of powder cocaine, 50 grams or more of crack cocaine, and 100 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court sentenced Langdon to 360 months' imprisonment. On direct appeal, we affirmed Langdon's conviction and sentence. *See United States v. Jones*, 149 F. App'x 954 (11th Cir. 2005) (unpublished). Later, based on an amendment to the Sentencing Guidelines, the district court reduced Langdon's sentence to 290 months.

In 2010, Congress passed the Fair Sentencing Act to address disparities in sentences between offenses involving crack cocaine and those involving powder cocaine. *See* Pub. L. No. 111-220, 124 Stat. 2372 (2010); *see also Kimbrough v. United States*, 552 U.S. 85, 97–100 (2007) (providing background on disparity). The Fair Sentencing Act increased the quantity of crack cocaine necessary to trigger the highest statutory penalties from 50 grams to 280 grams and the intermediate statutory penalties from five grams to 28 grams. *See* Fair Sentencing Act § 2; 21 U.S.C § 841(b)(1)(A)(iii), (B)(iii). The Fair Sentencing Act's reduced

2

penalties applied only to defendants who were sentenced on or after its effective date. *Dorsey v. United States*, 567 U.S. 260, 264 (2012).

Congress subsequently passed the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Among other things, the First Step Act gives district courts the discretion "to apply retroactively the reduced statutory penalties for crack-cocaine offenses in the Fair Sentencing Act of 2010 to movants sentenced before those penalties became effective." *United States v. Jones*, 962 F.3d 1290, 1293 (11th Cir. 2020).

After the First Step Act went into effect, Langdon moved for a sentence reduction under the Act. The government opposed Langdon's motion, and the district court denied the motion. Langdon appeals.

## II.

We review *de novo* whether a whether a district court had the authority to modify a term of imprisonment. *Jones*, 962 F.3d at 1296. We review for abuse of discretion a district court's denial of an eligible movant's request for a reduced sentence under the First Step Act. *Id.* "A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous." *Diveroli v. United States*, 803 F.3d 1258, 1262 (11th Cir. 2015) (internal quotation marks omitted).

III.

District courts generally lack the authority to modify a term of imprisonment once it has been imposed. *See* 18 U.S.C. § 3582(c). But the First Step Act permits district courts to reduce some previously-imposed terms of imprisonment for offenses involving crack cocaine. *See* First Step Act § 404. When a movant has a "covered offense," a district court has discretion to grant a sentence reduction and shall impose a reduced sentence "as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." *Id.* § 404(b).

In *Jones*, we addressed when the First Step Act authorizes a district court to reduce a movant's sentence. To be eligible for a sentence reduction, a movant must have a "covered offense," meaning he has to have been sentenced for a crack-cocaine offense that triggered the higher penalties in § 841(b)(1)(A)(iii) or (B)(iii). *Jones*, 962 F.3d at 1298. Even when a movant has a covered offense, a district court is not necessarily authorized to reduce his sentence because the First Step Act specifies that the district court must impose a reduced sentence "as if" the Fair Sentencing Act had been in effect at the time the covered offense was committed. *Id.* at 1303 (internal quotation marks omitted). When a movant's sentence is already equal to what his mandatory-minimum sentence would have been under the Fair Sentencing Act, he is ineligible for a sentence reduction because his

4

"sentence would have necessarily remained the same had the Fair Sentencing Act been in effect." *Id.*

That a district court is authorized to reduce a movant's sentence does not mean it must do so. *Id.* at 1304. A district court has "wide latitude to determine whether and how to exercise [its] discretion in [the First Step Act] context." *Id.* A district court's explanation for its decision whether to exercise its discretion need not be "lengthy," but the court "must adequately explain its sentencing decision to allow for meaningful appellate review." *United States v. Stevens*, 997 F.3d 1307, 1317 (11th Cir. 2021). The decision must demonstrate that the district court "considered the parties' arguments" and had "a reasoned basis for exercising its own legal decisionmaking authority." *Id.* (alteration adopted) (internal quotation marks omitted). When the "explanation is inadequate in a particular case, we will send the case back to the district court for a more complete explanation." *Id.* (alterations adopted) (internal quotation marks omitted).

In this case, the district court denied Langdon's motion on two alternative grounds: first, the court found that Langdon was ineligible for a sentence reduction, and second, even assuming Langdon was eligible for a relief, the court declined to exercise its discretion to award a reduction.

Langdon was eligible for a sentence reduction because he had a covered offense and had not been sentenced as if the Fair Sentencing Act was in effect.

The district court concluded that he did not have a covered offense because he was convicted of a multi-drug conspiracy offense that involved both crack cocaine and other controlled substances. But after the district court's decision in this case, we held that a defendant whose "offense was conspiring to possess with intent to distribute at least 5 kilograms of powder cocaine and at least 50 grams of crack cocaine" committed a "covered offense." *United States v. Taylor*, 982 F.3d 1295, 1301 (11th Cir. 2020). We explained that the defendant had a covered offense because even though the powder cocaine quantity element of the offense would trigger the same statutory penalty after the Fair Sentencing Act, the crack cocaine quantity element would trigger a different statutory penalty after the Act than it did before. *Id.* Because Langdon is in the same situation, we conclude that he has a "covered offense."

But the fact that Langdon was eligible for a sentence reduction is not the end of the matter. The district court ruled in the alternative that even assuming Langdon was eligible for a reduction, it would not exercise its discretion to grant a reduction. We cannot say that the district court abused its discretion in declining to reduce Langdon's sentence.

Langdon argues that the district court failed to adequately explain why it was not exercising its discretion. Even though the district court's reasoning was brief, we can discern why the court declined to exercise its discretion: Langdon

6

trafficked a quantity of cocaine "well in excess" of the amount—five kilograms—necessary to trigger the highest statutory penalty range for a controlled substances offense,[1] and when officers searched Langdon's home, they found over $100,000 in cash and a firearm.  Doc. 1134 at 5.[2]  This reasoning is sufficient to allow for meaningful appellate review of the district court's decision.  *See United States v. Potts*, 997 F.3d 1142, 1147 (11th Cir. 2021).

Langdon also argues that the district court erred in refusing to exercise its discretion because, he says, the district court was required to "consider anew all of the § 3553(a) factors"[3] and failed to do here.  Appellant's Br. at 19–20.  But we have held that in considering a motion for a sentence reduction under § 404 of the

---

[1] The district court said that Langdon supplied the conspiracy with between 50 and 150 kilograms of powder cocaine.  Langdon points out that at his sentencing, the district court found that he trafficked a smaller amount:  between 15 and 50 kilograms of powder cocaine.  Even assuming the district court clearly erred and used the wrong drug quantity, any error was harmless because the lowest possible drug quantity of powder cocaine that the district court found at sentencing—15 kilograms—is still an amount well in excess of the amount of powder cocaine required to trigger the highest statutory penalty range.  *See* 21 U.S.C. § 841(b)(1)(A)(ii) (2003).

[2] "Doc." numbers refer to the district court's docket entries.

[3] Section § 3553(a) states that a court should "impose a sentence sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training.  18 U.S.C. § 3553(a)(2).  In imposing a sentence, a court also should consider:  the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the sentencing range established under the Sentencing Guidelines, any pertinent policy statement issued by the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims.  *Id*. § 3553(a)(1), (3)–(7).

First Step Act, "a district court may, but is not required to, consider the § 3553(a) factors." *Potts*, 997 F.3d at 1145. So, even if the district court did not consider the § 3553(a) factors when it considered whether to exercise its discretion, we cannot say that the district court erred.

Langdon also urges us to vacate the district court's order because, he says, the court's decision not to exercise its discretion may have been influenced by its mistake of law regarding his eligibility for a sentence reduction. But the district court's order shows that for purposes of the alternative ruling the court accepted that it had the authority to grant Langdon's motion. We thus may affirm based on the court's alternative ruling. *See id.* at 1147; *see also United States v. Gonzalez*, No. 19-14381, __ F. 4th __, 2021 WL 3671430, at *2–3 (11th Cir. Aug. 19, 2021) (affirming the district court's order denying a sentence reduction, even though the district court erred in finding the defendant was ineligible for a reduction, when the court unambiguously ruled in the alternative that, even if the defendant were eligible, the court would not exercise its discretion).

**AFFIRMED.**

8