[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13927

_____

D.C. Docket No. 3:05-cr-00037-RV-EMT-1

UNITED STATES OF AMERICA,

                                                Plaintiff - Appellee,

versus

NATHANIEL FIELDS,

                                                Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(September 14, 2021)

Before WILSON, ROSENBAUM, and ED CARNES, Circuit Judges.

PER CURIAM:

Nathaniel Fields, a federal prisoner, appeals the district court's partial denial

of his motion for a reduction in sentence pursuant to Section 404(b) of the First Step

Act of 2018 and 18 U.S.C. § 3582(c)(1)(B).  The district court originally sentenced Fields to life imprisonment.  The court based its original sentence on the Sentencing Guidelines in effect at that time—more specifically on the version of the Guidelines governing the offense level corresponding to the amount of crack cocaine Fields was convicted of possessing and on his status as a career offender.

Years later, Fields moved for a reduced sentence under the First Step Act.  The district court granted Fields's motion in part and imposed a lesser sentence of 270 months' imprisonment.  But the court declined Fields's invitation to recalculate his Guidelines range without the career-offender designation under the newer version of the Sentencing Guidelines.  On appeal, Fields asserts that the district court erred in this respect.  Fields also contends the district court abused its discretion in resentencing him when it allegedly failed to consider all relevant sentencing factors set forth in 18 U.S.C. § 3553(a).

After a careful review of the record and with the benefit of oral argument, we affirm the district court's order granting Fields partial relief.  Under our binding precedent, the First Step Act neither requires a district court to conduct *de novo* resentencing nor obligates a district court to expressly consider the § 3553(a) sentencing factors when exercising its discretion to reduce a sentence under § 404(b).  *See United States v. Denson*, 963 F.3d 1080, 1089 (11th Cir. 2020); *United States v. Stevens*, 997 F.3d 1307, 1316 (11th Cir. 2021).

2

**I.**

In 2005, Fields was charged with possession with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii). Fields ultimately pled guilty.

At sentencing, the district court sentenced Fields to a minimum mandatory term of life imprisonment followed by ten years of supervised release. In explaining its sentence, the district court adopted the findings set forth in Fields's Presentence Investigation Report ("PSR"). Among others, the PSR concluded that, under United States Sentencing Guidelines Manual ("U.S.S.G.") § 4B1.1, Fields qualified as a career offender because he was at least eighteen years old at the time of the offense involving a controlled substance, and he had at least two prior felony convictions for crimes of violence (in this case, assaults). Although the court calculated Fields's Guidelines imprisonment range to be 262–327 months' imprisonment, it noted that the statutory-required minimum sentence of life imprisonment applied under U.S.S.G. § 5G1.1(b), since Fields was subject to 21 U.S.C. § 841(b)(1)(A)(iii), which, at the time, required that sentence.

In 2019, Fields, through counsel, filed a motion for a sentence reduction, asserting that Section 404 of the First Step Act made retroactive the reduction in statutory penalties that were modified by the Fair Sentencing Act of 2010 and amended the statutory maximum penalties for crack-cocaine offenses. Fields also

argued that if he were sentenced "today" (May 2019), his Guidelines range would be lower because his prior convictions would no longer count as crimes of violence, so he would not be sentenced as a career offender. More specifically, Fields claimed his Guidelines range would be 77–96 months, which would become 120 months by statute. And because he had served approximately 14 years at that point, he argued for his immediate release. In further support of his motion, Fields contended that some of the § 3553(a) factors—such as his physical condition, rehabilitation efforts, disciplinary record, and reentry plan—also supported a lower sentence.

In its response, the government agreed that Fields was eligible for a sentence reduction under the First Step Act. But the government argued that Fields should not be released immediately, contending the district court could not recalculate his sentence without the career-offender designation. The district court ultimately agreed with the government and entered an order granting in part Fields's motion: it imposed a reduced sentence of 270 months' imprisonment followed by eight years of supervised release. But the district court declined to recalculate Fields's sentence without the career-offender designation. Fields now appeals.

## II.

We review *de novo* questions of statutory interpretation and whether a district court had the authority to modify a term of imprisonment. *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020). We review for abuse of discretion the district

4

court's denial of an eligible movant's request for a reduced sentence under the First Step Act. *Id.* A district court abuses its discretion when it "applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *United States v. Khan*, 794 F.3d 1288, 1293 (11th Cir. 2015) (citation omitted). The abuse-of-discretion standard "allows a range of choice for the district court, so long as that choice does not constitute a clear error of judgment." *United States v. Riley*, 995 F.3d 1272, 1278 (11th Cir. 2021) (citation omitted).

## III.

A district court has no inherent authority to modify a term of imprisonment and may do so only when a statute or rule so authorizes. *United States v. Puentes*, 803 F.3d 597, 605–06 (11th Cir. 2015). Congress gave courts that express permission in certain cases when it passed the First Step Act. Under that Act, courts may reduce a previously imposed term of imprisonment for offenses involving crack cocaine "as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed."[1] *See* § 404(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194; *see also Jones*, 962 F.3d at 1297.

---

[1] The Fair Sentencing Act of 2010 was enacted to reduce the sentencing disparity between crack- and powder-cocaine offenses. *See Dorsey v. United States*, 567 U.S. 260, 268–69 (2012). For instance, Section 2 of the Act changed the quantity of crack cocaine necessary to trigger a 10-year mandatory minimum from 50 to 280 grams and the quantity required to trigger a 5-year mandatory minimum from 5 to 28 grams. *See* Fair Sentencing Act of 2010, § 2(a)(1)–(2); *see also* 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii).

The relevant language in the First Step Act makes clear that the Act is a limited remedy in that it applies to "covered offenses" only. *See Jones*, 962 F.3d at 1297. Section 404 of the First Step Act defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." *See* First Step Act § 404(a). That a district court may reduce a sentence does not mean that it must do so. *Jones*, 962 F.3d at 1304. Indeed, the First Step Act specifically states that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." First Step Act § 404(c). And a district court has "wide latitude to determine whether and how to exercise [its] discretion in [the First Step Act] context." *Jones*, 962 F.3d at 1304.

No dispute exists here that Fields was eligible to receive a sentence reduction under Section 404 of the First Step Act. *See id.* at 1301 (a movant committed a "covered offense" within the meaning of the Act where the offense "triggered the higher penalties in section 841(b)(1)(A)(iii) or (B)(iii)"). But Fields argues that (1) the district court erred in failing to apply the current Sentencing Guidelines manual when calculating the revised Guidelines range, and (2) the court abused its discretion when it failed to consider anew all the § 3553(a) factors.

A.

6

Because it did not apply the Sentencing Guidelines Manual in effect at the time it resolved his First Step Act motion, the district court did not revisit Fields's career-offender designation. Fields argues this was error because he would not have qualified as a career offender under the more recent version of the Guidelines. Fields's argument is foreclosed by recent precedent. In *Denson*, we held that, when a district court rules on a defendant's First Step Act motion, it "is not free to change the defendant's original Guidelines calculations that are unaffected by sections 2 and 3" or "change the defendant's sentences on counts that are not 'covered offenses.'" 963 F.3d at 1089 (citing First Step Act § 404(b)). And in *United States v. Taylor*, we explained that the authority to reduce a sentence "as if sections 2 and 3 of the Fair Sentencing Act" were in effect when the movant committed the offense "'does not authorize the district court to conduct a plenary or *de novo* resentencing'" and does not allow it to reduce the "'sentence on the covered offense based on changes in the law beyond those mandated by' those sections." 982 F.3d 1295, 1302 (11th Cir. 2020) (quoting *Denson*, 963 F.3d at 1089).

Under our binding precedent, Fields cannot succeed on his argument that the district court should have reexamined his career-offender status and that he should have benefitted from more recent Sentencing Guidelines. The changes in the Guidelines relating to Fields's career-offender status were not mandated by the relevant provisions of the Fair Sentencing Act, and Fields may pursue a reduction in

7

sentence under the First Step Act for only "covered offenses" (*i.e.*, certain crack-cocaine convictions).  *See Jones* 962 F.3d at 1298; *see also* First Step Act § 404 (a)–(b).

**B.**

Fields also contends that the district court abused its discretion by not explicitly addressing each of the § 3553(a) sentencing factors.  More specifically, he argues that the court failed to adequately consider his post-sentencing conduct:  his post-educational programming, his earning of a GED, his employment in prison despite his physical disabilities, his clean disciplinary record since 2012, and his transfer to a medium-security facility.  Fields asserts that a below-Guidelines sentence would have been appropriate in light of the § 3553(a) sentencing factors.

Binding precedent again forecloses Fields's argument.  We have held that the First Step Act is "a permissive statute that does not mandate consideration of the § 3553(a) sentencing factors by a district court when exercising its discretion to reduce a sentence under section 404(b)."  *Stevens*, 997 F.3d at 1316.  So while a district court may consider the § 3553(a) factors in deciding whether to exercise its discretion and reduce a sentence under the First Step Act, it is not required to do so. *See id.*; *Jones*, 962 F.3d at 1304.  And to the extent Fields suggests that the district court was required to consider the § 3353(a) factors, his argument fails.

That said, the district court's decision "must adequately explain its sentencing decision to allow for meaningful appellate review." *Stevens*, 997 F.3d at 1317.  The decision must demonstrate that it "considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority."  *Id.* (citations omitted) (alteration in *Stevens*); *see also United States v. Potts*, 997 F.3d 1142, 1145 (11th Cir. 2021).  The amount of explanation depends on the circumstances of the case.  *Id.*  Where the explanation is not adequate, we will remand the case so the district court can provide a more detailed explanation.  *Id.*

Here, though, the district court provided an adequate explanation for its decision.  It stated that it had reviewed Fields's motion, the government's response, and the PSR.  The court's discussion of the motion for reduction in sentence also reflects that it did consider many of the § 3553(a) factors.  First, the court's reduction of Fields's sentence to one that was within, and on the low end of, the 262-to-327-month Guidelines range (*i.e.*, 270 months' imprisonment) demonstrates that it considered the types of sentences available under the Sentencing Guidelines.  *See* 18 U.S.C. § 3553(a)(3)–(4).  Second, the PSR, which the district court said it reviewed, included Fields's criminal, personal, and family history.  *See id.* § 3553(a)(1); *Potts*, 997 F.3d at 1146.  Third, the court expressly noted that it considered the "defendant's physical condition, his course completions, and his conduct while in prison (including him possessing a dangerous weapon, possessing drugs/alcohol, two

9

separate incidents of fighting, being insolent to prison staff, and two incidents of possessing an unauthorized item),” again demonstrating that it considered Field's history and characteristics in accordance with the § 3553(a) factors.

Fourth, the district court reiterated that Fields's original Guidelines range was 262–327 months, without considering his qualification as a career offender. The district court explained that even without the career-offender designation, Fields still would have a criminal-history category of VI because he had 23 criminal-history points.  The court further noted that the First Step Act did not change Fields's original Guidelines range but rather affected only the term of life imprisonment and his term of supervised release.

The district court's explanation was sufficient.  *See Potts*, 997 F.3d at 1146.

## IV.

To conclude, our precedent forecloses both of Fields's arguments.  The district court did not err in reducing Fields's sentence without first addressing whether his career-offender designation no longer applied under more recent Sentencing Guidelines.  The district court was also not required to address each of the § 3553(a) factors when it resentenced Fields.  The court's order adequately explained its decision and demonstrated that it considered each of Fields's arguments as well as a number of the relevant § 3553(a) factors when it reduced his sentence.

**AFFIRMED.**

10