[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 20-14828

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JAMES ANDREW MUSGROVE,
a.k.a. Ricky,
a.k.a. StarChild,

Defendant-Appellant.

—————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:10-cr-00019-TKW-1

—————————————

Before JORDAN, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

James Musgrove appeals the district court's denial of his motion for a sentence reduction under section 404(b) of the First Step Act.  After careful review, we affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In 2010, Musgrove and a coconspirator were indicted for (1) conspiring to possess with the intent to distribute five kilograms or more of powder cocaine and fifty grams or more of crack cocaine, and (2) possessing with the intent to distribute fifty grams or more of crack cocaine.  Musgrove pleaded guilty to both counts.

Because of his prior convictions, Musgrove was facing a mandatory life sentence.  *See* 21 U.S.C. § 841(a)(1), (b)(1)(A) (2009) ("If any person commits a violation of this subparagraph . . . after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release and fined in accordance with the preceding sentence."), *amended by* 21 U.S.C. § 841 (2018).  But,

20-14828                Opinion of the Court                3

because the government filed a substantial assistance motion, the district court was able to sentence Musgrove below the mandatory minimum to 240 months' imprisonment and five years of supervised release. In 2015, the district court reduced Musgrove's sentence to 192 months' imprisonment because of retroactive changes made to the sentencing guidelines.

In 2020, Musgrove moved under section 404(b) of the First Step Act to reduce his sentence again. He argued (1) that he was eligible for a sentence reduction under the First Step Act because he was convicted of a "covered offense," and (2) that the district court should exercise its discretion to reduce his sentence because he had completed several educational courses and because his behavior had improved during his term of imprisonment.

The government opposed his motion, arguing that Musgrove's conviction was not a "covered offense" because the Fair Sentencing Act didn't change the penalties for his conviction. The government also argued that, even if Musgrove was convicted of a "covered offense," the district court should not reduce his sentence because he had an extensive criminal history and because he had eight disciplinary incidents in prison, including two incidents that had occurred after the district court reduced his sentence in 2015.

The district court denied Musgrove's motion, giving four reasons. First, the district court concluded that Musgrove was ineligible for a sentence reduction because his conspiracy conviction was not a "covered offense," as it involved both powder and crack

cocaine and the Fair Sentencing Act did not modify the penalties for powder cocaine offenses. Second, the district court explained that, even if the conspiracy conviction was a "covered offense," Musgrove was ineligible for a sentence reduction because he would have received the same sentence based on the amount of powder cocaine charged in the conspiracy count. Third, the district court said that it "lack[ed] the authority to modify his sentence" because Musgrove had received concurrent sentences and any reduction in his sentence on the possession count would have no impact on his total prison sentence.

And fourth, the district court concluded that, even if both of Musgrove's convictions were "covered offenses," he was eligible for a sentence reduction, and the district court was allowed to reduce his sentence, the district court still would not exercise its discretion to reduce Musgrove's sentence because of: (1) the "large amount of drugs" involved in Musgrove's offenses—more than sixteen kilograms of powder cocaine and over six hundred grams of crack cocaine"; (2) "the fact that [Musgrove] primarily dealt in powder cocaine whereas his co-defendant was more responsible for the crack cocaine"; (3) Musgrove's "extensive criminal history, much of which was not scored in calculating his guidelines"; and (4) Musgrove's "less than perfect" prison disciplinary record. The district court recognized that, while Musgrove's recent disciplinary record showed improvement, it was "troubling" that Musgrove was still having "*any* disciplinary issues at his age."

## STANDARD OF REVIEW

We review de novo "whether a district court had the authority to modify a term of imprisonment." *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020). We review for abuse of discretion a district court's denial of an eligible movant's request for a reduced sentence under the First Step Act. *Id.*

## DISCUSSION

Section 404(b) of the First Step Act gives a district court discretion to modify a prisoner's sentence for a "covered offense" to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." *Jones*, 962 F.3d at 1297; *see* First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194. A "covered offense" is "a violation of a federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." First Step Act § 404(a).

Musgrove correctly contends, and the government concedes, that the district court erred in concluding that Musgrove's conspiracy conviction was not a "covered offense" because it involved both powder and crack cocaine. The district court didn't have the benefit of *United States v. Taylor*, 982 F.3d 1295, 1297, 1300–01 (11th Cir. 2020), but we do. There, we held that a "covered offense" under the First Step Act includes a multi-drug conspiracy offense involving both powder and crack cocaine. *Id.*

Even so, that Musgrove was "*eligible* for a sentence reduction under the First Step Act does not mean that he is *entitled* to one." *Id.* at 1302.  Even though the district court erred in concluding that Musgrove wasn't eligible for a reduced sentence under the First Step Act, we can affirm because we already know that the district court would not exercise its discretion to reduce Musgrove's sentence.  Any error was harmless.  *Cf. United States v. Robles*, 408 F.3d 1324, 1327–28 (11th Cir. 2005) (recognizing that sentencing errors are harmless when we "know with certainty beyond a reasonable doubt what the district court would do upon remand").

A district court may consider "the nature and circumstances of the offense" and the defendant's "history and characteristics" when exercising its discretion not to reduce a sentence under the First Step Act. *See United States v. Potts*, 997 F.3d 1142, 1145 (11th Cir. 2021) ("[A] district court may, but is not required to, consider the § 3553(a) factors in deciding whether to exercise its discretion and reduce a sentence under the First Step Act."); 18 U.S.C. § 3553(a)(1).  Here, the district court said it would not reduce Musgrove's sentence, even if it had discretion to do so, because of Musgrove's extensive criminal history, his "less than perfect" prison disciplinary record, and the circumstances of his offense—that Musgrove was primarily responsible for the powder cocaine and that his offense involved more than sixteen kilograms of powder cocaine and six hundred grams of crack cocaine.  We've affirmed a district court's discretionary decision not to reduce a defendant's sentence under the First Step Act based on similar facts.

20-14828                Opinion of the Court                    7

*See, e.g., United States v. Gonzalez,* 9 F.4th 1327, 1329, 1332 (11th Cir. 2021) (affirming the district court's discretionary decision not to reduce the defendant's sentence under the First Step Act based on the defendant's criminal history, drug offenses, and prison disciplinary record).

Musgrove's arguments that the district court abused its discretion in declining to reduce his sentence are unpersuasive. First, Musgrove argues that the district court "may have relied on the now discredited conduct-based interpretation" of the First Step Act because it found that Musgrove would be "subject to the same sentence based upon the amount of powder cocaine charged in the conspiracy." But the district court said—explicitly—that it was not relying on the conduct-based approach. The district court instead considered the quantity of powder and crack cocaine involved in Musgrove's offense as part of its discretionary call about whether to reduce Musgrove's sentence, which it was allowed to do. *See Taylor,* 982 F.3d at 1302 ("[I]t is fair game for the district court to consider any information relevant to its decision, including its previous findings regarding the quantities of crack and powder cocaine involved in the conspiracy.").

Second, Musgrove argues that the district court's finding that he "primarily dealt" in powder cocaine "strongly suggests that the court's discretion was influenced by an improper legal consideration—that defendants convicted of a combination crack and powder crime are not eligible for relief." We disagree. The district court concluded that "even if" Musgrove was eligible for a sentence

reduction, his relative responsibility for the powder cocaine weighed against reducing his sentence. The district court was allowed to consider Musgrove's relative culpability compared to that of his similarly situated co-conspirator as part of the discretionary decision on whether to reduce his sentence. *See* 18 U.S.C. section 3553(a)(6). And it was allowed to consider that the powder cocaine part of Musgrove's offense triggered higher penalties than the crack cocaine part. *See Taylor*, 982 F.3d at 1302 (explaining that "the fact that the powder cocaine element of [the defendant]'s offense still triggers the highest tier of statutory penalties" is "relevant"). The district court thus did not abuse its discretion in refusing to reduce Musgrove's sentence.

**AFFIRMED.**