[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11161

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

STANLEY JEROME CALLAWAY,
a.k.a. One-Two,
a.k.a. Two,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

D.C. Docket No. 8:93-cr-00209-SDM-AAS-4

_____

Before ROSENBAUM, JILL PRYOR, and BRASHER, Circuit Judges.

PER CURIAM:

Stanley Callaway *pro se* appeals the district court's denial of his motion for a sentence reduction under Section 404(b) of the First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194. "We review for abuse of discretion a district court's denial of an eligible movant's First Step Act motion and 'must affirm unless the district court made a clear error of judgment or applied the wrong legal standard.'" *United States v. Potts*, 997 F.3d 1142, 1145 n.2 (11th Cir. 2021) (quoting *United States v. Denson*, 963 F.3d 1080, 1086 n.4 (11th Cir. 2020)). Callaway argues that the district court abused its discretion by refusing to reduce his sentence under the First Step Act. We disagree and affirm.

First, Callaway argues that the district court's failure to consider all the 18 U.S.C. § 3553(a) sentencing factors in ruling on his motion resulted "in a grave miscarriage of justice." But we recently held that the district court need not consider any of those factors when exercising its "wide discretion" under the First Step Act. *United States v. Stevens*, 997 F.3d 1307, 1314–16 (11th Cir. 2021) ("The First Step Act is clear—it is a permissive statute that does not mandate consideration of the §3553(a) sentencing factors by a district court when exercising its discretion to reduce a sentence under section 404(b) of the First Step Act."); *Potts*, 997 F.3d at 1145 ("[A]

district court may, but is not required to, consider the § 3553(a) factors in deciding whether to exercise its discretion to reduce a sentence under the First Step Act."). And, in any event, the district court explicitly stated in its order denying Callaway's motion that it had conducted "a careful review" of the Section 3553(a) factors, "including especially the need to protect the community and the need to enhance respect for the law (including the rules and regulations necessary to the health and safety of both a prison's inmates and a prison's staff)."

Second, Callaway argues that the court's decision "does not allow for meaningful appellate review" because it does not adequately explain why the motion was denied *See Stevens*, 997 F.3d at 1317 ("At a minimum, a district court must adequately explain its sentencing decision to allow for meaningful appellate review."). We disagree. The district court's decision exceeded the "minimum explanation" required to afford meaningful review. *Id.*

In its order denying Callaway's motion, the district court reasoned that Callaway's prison disciplinary history "is unusually long and gruesome," comprising "seventy-eight disciplinary offenses," many of which were "abusive" sexual acts directed at prison staff. *See Concepcion v. United States*, 142 S. Ct. 2389, 2403 (2022) ("[W]hen deciding whether to grant First Step Act motions," district courts may consider "postsentencing evidence of . . . prison infractions as probative."). The court added that it had conducted "a careful review" of (1) the presentence report, (2) the sentencing

guidelines, (3) the parties' pleadings, (4) the balance of the record, and (5) the Section 3553(a) factors.

This explanation is "enough to satisfy this Court that the district court has considered the parties' arguments and has a reasoned basis for exercising its discretion." *Stevens*, 997 F.3d at 1318; *cf. Potts*, 997 F.3d at 1146 ("The district court's explanation, while brief, was sufficient," where it "stated that, after reviewing the government's response and the probation offer's memorandum, it had determined the §3553(a) factors indicated that a reduction was not warranted under the facts and circumstances of Potts' case.").

**AFFIRMED**.