[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13535
Non-Argument Calendar

_____

D.C. Docket No. 6:15-cr-00068-PGB-DCI-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VINCENT B. MCGHEE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 21, 2021)

Before ROSENBAUM, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Vincent McGhee is serving a 94-month prison sentence, imposed in January 2018, for his role as the leader of a scheme to defraud retail stores using stolen identities.  In August 2020, McGhee filed a motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by § 603(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), alleging that he was highly susceptible to severe illness from COVID-19 because of medical conditions including hypertension, high cholesterol, obesity, coronary artery disease, and a family history of strokes.  He further stated that early release was warranted in light of his rehabilitation efforts in prison, his family and employment circumstances, and the Bureau of Prisons's finding that he was at "minimal" risk to reoffend.[1]

The district court denied McGhee's motion, reasoning that his medical conditions, even in light of the risks posed by COVID-19 in prison, did not constitute "extraordinary and compelling reasons" for relief, as required by § 3582(c)(1)(A)(i). Then, noting that McGhee had "11 prior felony convictions," the court further found that relief was not warranted in any case because granting "release after serving 40% of his sentence would undermine the statutory purposes of sentencing."

On appeal, McGhee argues that the district court failed to adequately explain its decision or to consider his arguments and the 18 U.S.C. § 3553(a) sentencing

---

[1] McGhee also sought release to home confinement under the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. No. 116-136, 134 Stat. 281 (2020).  But he does not challenge the district court's denial of that request on appeal, so we do not discuss it further.

2

factors, including his postconviction behavior and rehabilitation, the amount of his sentence he had served, his health and risk profiles, and the conditions at his facility, Jesup Satellite Low.  He also challenges the court's determination that he did not present an extraordinary and compelling reason for relief.

We review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for an abuse of discretion.  *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).  The court has a "range of choice," and we cannot reverse just because we might have decided the matter differently had it been our call to make.  *Id.*  Nevertheless, a district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, makes findings of fact that are clearly erroneous, or commits a clear error of judgment.  *Id.* at 911–12.  A district court also abuses its discretion if it fails to "explain its sentencing adequately enough to allow for meaningful appellate review."  *United States v. Johnson*, 877 F.3d 993, 997 (11th Cir. 2017).  We liberally construe *pro se* filings.  *United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009).

Under § 3582(c)(1)(A), as amended by the First Step Act, a district court may grant a defendant's motion for a sentence reduction "if it finds that . . . extraordinary and compelling reasons warrant such a reduction" and that a "reduction is consistent with applicable policy statements" in the Sentencing Guidelines.  18 U.S.C. § 3582(c)(1)(A)(i); *see United States v. Bryant*, 996 F.3d 1243, 1252 (11th Cir.

3

2021), *petition for cert. filed*, No. 20-1732 (U.S. June 15, 2021) (holding that the policy statement in U.S.S.G. § 1B.13 is "applicable" and therefore governs all motions under § 3582(c)(1)(A)(i)). The court also must consider "all applicable" § 3553(a) factors, or it abuses its discretion. *United States v. Cook*, 998 F.3d 1180, 1184 (11th Cir. 2021).

Here, the district court did not abuse its discretion in denying McGhee's motion for compassionate release under the First Step Act. To start, the record is adequate for appellate review. In denying his motion, the court understood that McGhee was seeking early release based primarily on "his risk for an adverse outcome should he contract COVID-19" in light of his medical conditions. It then explained that his medical conditions did not elevate his risk from COVID-19 to the level of an extraordinary and compelling reason for release. The court stated that the risk of contracting COVID-19 in prison alone was not enough, that his medical conditions—to the extent they were supported by his medical records—were being treated in custody, and that the BOP had taken steps to minimize the risk of COVID-19 transmission in its facilities and "ha[d] effectively managed COVID-19" at Jesup Satellite Low. Separate from this analysis, the district court reasoned that the § 3553(a) factors weighed against release because McGhee had 11 prior felony convictions and "release after serving 40% of his sentence would undermine the statutory purposes of sentencing," specifically deterrence.

4

While the district court did not address each of McGhee's arguments in detail, it did more than enough to show that it "considered the parties' arguments" and the § 3553(a) factors and "ha[d] a reasoned basis" for its decision. *United States v. Potts*, 997 F.3d 1142, 1145 (11th Cir. 2021). The court's explanation was adequate to permit meaningful appellate review. *See id.*; *Johnson*, 877 F.3d at 997.

Next, we agree with the government that it is unnecessary to determine here whether McGhee's medical conditions, coupled with the pandemic, constitute an extraordinary and compelling basis for a sentence reduction.[2] That's because, even assuming they do, the district court reasonably concluded that early release was not warranted based on the § 3553(a) factors.

When the district court entered its order, McGhee had served only 40% of his sentence. In light of that fact, the court concluded that releasing McGhee would "undermine the statutory purposes of sentencing," explicitly referencing his 11 prior convictions and the need to deter him from reoffending. Moreover, the same judge

---

[2] As the government notes, on March 29, 2021, while this case was on appeal, the CDC issued revised guidance relating to medical conditions and COVID-19, modifying the language it used to categorize medical risk factors for various listed conditions, including hypertension. *See* Centers for Disease Control and Prevention, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Sept. 2, 2021). This revised guidance also postdates our decision in *United States v. Harris*, 989 F.3d 908, 912 (11th Cir. 2021), which relied on the CDC's prior guidance to hold that hypertension, coupled with the risk of COVID-19, was not sufficient to constitute an extraordinary and compelling reason for compassionate release. Because it does not matter to the ultimate outcome, we need not consider whether the revised guidance affects the determination of an extraordinary and compelling reason in McGhee's case.

who originally sentenced McGhee denied his compassionate-release motion, so the judge would have been familiar with the details of McGhee's case, the relevant § 3553(a) factors, and the reasons for the original sentence. *See United States v. Eggersdorf*, 126 F.3d 1318, 1323 (11th Cir. 1997) (concluding that the court adequately considered the § 3553(a) factors in part because "the same district court judge who sentenced Defendant originally was the one who declined to resentence him").

McGhee points to other factors that may favor early release, but the weight to give any of the § 3553(a) factors was committed to the district court's discretion, *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016), and the court did not commit a clear error of judgment or otherwise abuse its discretion in concluding that early release was not warranted. *See Harris*, 989 F.3d 911–12.

For these reasons, we affirm.

**AFFIRMED.**[3]

---

[3] McGhee's motion to expedite this appeal is DENIED as moot.

6