[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-13314

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN W. LEBRON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:10-cr-00258-SDM-MAP-1

_____

Before JORDAN, ROSENBAUM, and NEWSOM, Circuit Judges.

PER CURIAM:

John Lebron appeals the district court's denial of his motion for early release or a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), as amended by § 603(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). After careful review, we affirm.

## I.

Lebron is serving a total sentence of 312 months in prison imposed in 2013 for several fraud crimes and a probation violation arising from an earlier drug case. In 2020, he filed a *pro se* motion for a reduction in his sentence under § 3582(c)(1)(A), alleging that his sentence was excessive and that he was at increased risk of becoming seriously ill from COVID-19 because of hypertension and anxiety. He attached various documents to his motion, including prison medical records and a letter from the warden denying Lebron's request to bring a § 3582(c)(1)(A) motion on his behalf.

The government opposed relief, arguing that Lebron failed to exhaust his administrative remedies by fully appealing the warden's denial, that his medical records failed to show the presence of an extraordinary and compelling medical reason for release, and that the applicable 18 U.S.C. § 3553(a) factors strongly weighed against granting a sentence reduction.

The district court denied a sentence reduction "[f]or the reasons sufficiently explained" in the government's opposition to Lebron's motion. Those reasons, according to the court, included that Lebron "has not exhausted his administrative remedies and has not demonstrated that he has any medical conditions that satisfy the requirements for compassionate release." The court also wrote that Lebron "presents no fact or argument that shows his entitlement to compassionate release."

Lebron timely moved to vacate the denial order, asserting that he never received a copy of the government's response. The court refused to vacate its order, stating that Lebron had "no right to reply," but it directed the clerk to send him a copy of the government's response. Lebron then brought this appeal.

On appeal, Lebron, *pro se*, contends that the district court erred in finding that he failed to exhaust his administrative remedies and that the court's order fails to allow for meaningful appellate review. The government argues we should affirm the district court on grounds other than the administrative-exhaustion requirement.

## II.

We review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for an abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).

Under § 3582(c)(1)(A), a district court may grant a defendant's motion for a sentence reduction, after considering the

§ 3553(a) factors, "if it finds that . . . extraordinary and compelling reasons warrant such a reduction" and that a "reduction is consistent with applicable policy statements" in the Sentencing Guidelines. 18 U.S.C. § 3582(c)(1)(A)(i). The failure to demonstrate an extraordinary and compelling reason is alone sufficient to "foreclose a sentence reduction." *United States v. Tinker*, 14 F.4th 1234, 1237–38 (11th Cir. 2021).

The commentary to U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13, the applicable policy statement for sentence reductions under § 3582(c)(1)(A), outlines circumstances which may qualify as sufficiently "extraordinary and compelling." *See United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021) (holding that "district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with [§] 1B1.13"). As relevant here, a non-terminal medical condition may be grounds for a sentence reduction if it substantially diminishes a prisoner's ability to provide self-care in custody and if it is one from which he is not expected to recover. U.S.S.G. § 1B1.13, cmt. n.1(A). While the commentary also authorizes relief for "other reasons," *id.* § cmt. n.1(D), our precedent holds that such other reasons must be determined by the Bureau of Prisons, not the courts. *See Bryant*, 996 F.3d at 1262–64.

Here, the district court didn't err by denying Lebron's motion for a sentence reduction under § 3582(c)(1)(A). To begin with, the court "adequately explain[ed] its sentencing decision to allow for meaningful appellate review." *United States v. Stevens*, 997

F.3d 1307, 1317 (11th Cir. 2021); *see also United States v. Potts*, 997 F.3d 1142, 1145 (11th Cir. 2021). The court stated that it was denying the motion for the reasons explained by the government in its response, which addressed Lebron's motion in detail. *Cf. United States v. Giron*, 15 F.4th 1343 (11th Cir. 2021) (affirming based on the government's response where "the district court adopted the [g]overnment's response in full when denying compassionate release"). And it specifically highlighted two such reasons, finding that Lebron "has not exhausted his administrative remedies and has not demonstrated that he has any medical conditions that satisfy the requirements for compassionate release." These statements are more than enough for us to identify and review the court's reasons for denying a sentence reduction. *See Stevens*, 997 F.3d at 1317.

Turning to those reasons for denial, we assume without deciding that Lebron adequately exhausted his administrative remedies. *See Harris*, 989 F.3d at 911 (holding that the exhaustion requirement is not jurisdictional). Nevertheless, we affirm because we agree with the district court and the government that Lebron failed to demonstrate an extraordinary and compelling reason for a sentence reduction. *See Tinker*, 14 F.4th at 1237–38.

In his motion, Lebron sought relief based on the COVID-19 pandemic and the increased risks of severe disease posed by two medical conditions: (a) "severe hypertension" and (b) anxiety. But he fails to explain how anxiety increased his risk of severe disease from COVID-19. And the medical records he submitted don't

show that he's been diagnosed with or treated for hypertension at all. Even assuming he suffers from some degree of hypertension, as he claims, the court didn't err in finding that this relatively common condition, without more, was insufficient to warrant relief. *See Giron*, 2021 WL 4771621, at ⋆2 (affirming a finding that high cholesterol, high blood pressure, and coronary artery disease, in light of COVID-19, were not extraordinary and compelling reasons for early release); *Harris*, 989 F.3d at 912 (affirming a finding that hypertension, in light of COVID-19, was not an extraordinary and compelling reason for early release).

Finally, any error in failing to serve Lebron with a copy of the government's response to his § 3582(c)(1)(A) motion or to give him the opportunity to file a reply was harmless. *See, e.g.*, *United States v. Pon*, 963 F.3d 1207, 1221 (11th Cir. 2020) ("[A]n abuse of discretion does not warrant reversal where the resulting error was harmless." (quotation marks omitted)). Lebron was not deprived of a meaningful opportunity to contest the court's order or the government's arguments. We have affirmed on a ground clearly identified in the court's order, and it appears that Lebron received a copy of the response at least before he filed his initial brief in this case, since the brief references the substance of the response. Moreover, there's no indication the district court's decision would have been different had Lebron been permitted an opportunity to file a reply brief.

For these reasons, we affirm the denial of Lebron's motion for a sentence reduction under § 3582(c)(1)(A).

20-13314               Opinion of the Court                    7

AFFIRMED.