[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-10962

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ROBERT LAWRENCE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:15-cr-00508-RAL-TGW-1

_____

Before BRANCH, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Robert Lawrence, *pro se*, appeals the denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). He argues that the district court abused its discretion by failing to sufficiently justify its decision to allow for meaningful appellate review. After review, we affirm the district court's decision.

## I.    Background

In 2016, Lawrence pleaded guilty to one count of being a felon in possession of a firearm and one count of possession with intent to distribute marijuana. The district court sentenced him to a total of 180 months' imprisonment to be followed by five years' supervised release.

In November 2020, Lawrence filed a motion for compassionate release, citing medical issues, rehabilitation, family circumstances, and the COVID-19 pandemic as "extraordinary and compelling reasons." First, he argued that he suffers from asthma, which requires him to use two inhalers on a daily basis, and that he has a growing tumor in one lung.[1] He maintained that in combination these medical conditions "place him [in] danger of

---

[1] Lawrence submitted medical records in support of these diagnoses. These records indicated that Lawrence was prescribed two inhalers for asthma. He also has a "6mm nodule on right lung" which the prison monitored every 6 months with a CT scan.

death in the event he contracts the COVID-19 virus." He emphasized that, due to the pandemic, he was unable to see an outside medical provider for his conditions, and although he used two inhalers daily, the Bureau of Prisons ("BOP") did "not have control of the asthma situation." He noted that, although he had already contracted the virus once and survived, he was still at great risk due to his medical issues and that multiple staff and prisoners had tested positive for the virus and some had died. Second, he argued that the 18 U.S.C § 3553(a) factors, particularly his rehabilitation, weighed in favor of granting his motion.

The government opposed the motion, arguing, in relevant part, that Lawrence failed to demonstrate extraordinary and compelling reasons for purposes of compassionate release. The government argued that potential COVID-19 exposure is not an extraordinary and compelling reason. Further, it argued that Lawrence's medical records were insufficient to establish an extraordinary and compelling reason because the records showed that his medical conditions were being treated and there was no indication that Lawrence was unable to care for himself or that his conditions were terminal.

In reply, Lawrence argued that he was not requesting compassionate release because of general COVID-19 exposure, but because his medical conditions placed him in a "high-risk category," and he has been unable to see outside specialists for these conditions because of the pandemic. He also argued that, under 18 U.S.C. § 3553(a), his rehabilitation should be considered

4                    Opinion of the Court                    21-10962

in conjunction with the other factors supporting compassionate release.

The district court entered an endorsed order denying Lawrence's motion "because, as pointed out by the Government, he has failed to establish that his current medical conditions rise to the level of extraordinary and compelling reasons justifying his compassionate release."   The district court did not explain its reasoning further.   Lawrence appealed.

## II.    Discussion

Lawrence argues that the district court's denial of his motion for compassionate release must be vacated because the district court did not sufficiently explain its decision, precluding meaningful appellate review, and there is no indication that the district court considered the § 3553(a) factors.

We review *de novo* whether a defendant is eligible for an 18 U.S.C. § 3582(c) sentence reduction. *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021).  If a defendant is eligible for relief, we review the district court's decision to grant or deny relief for an abuse of discretion. *Id.*; *see also United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).  The district court must explain its "decision[] adequately enough to allow for meaningful appellate review." *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021) (quotation omitted).  "How much explanation is required depends . . . upon the circumstances of the particular case." *United*

*States v. Potts*, 997 F.3d 1142, 1146 (11th Cir. 2021) (quotation omitted).

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Section 3582(c)(1)(A), however, provides the following limited exception:

> the court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights . . . may reduce the term of imprisonment . . ., after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*Id.* § 3582(c)(1)(A). "The 'applicable policy statement[ ]' to which § 3582(c)(1)(A) refers states, in turn, that, the court may reduce a term of imprisonment if, as relevant here, it 'determines that . . . the defendant is not a danger to the safety of any other person or to the community.'" *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (quoting U.S.S.G. § 1B1.13). Thus, under § 3582(c)(1)(A), the district court may reduce a movant's imprisonment term if: (1) there are "extraordinary and compelling reasons" for doing so, (2) the factors listed in 18 U.S.C. § 3553(a) favor doing so, and (3) doing so is consistent with the policy statements in U.S.S.G. § 1B1.13. *Id.* (quotation marks omitted). If

the district court finds against the movant on any one of these requirements, it cannot grant relief, and need not analyze the other requirements. *Giron*, 15 F.4th at 1347–48; *Tinker*, 14 F.4th at 1237–38 (explaining that "nothing on the face of 18 U.S.C. § 3582(c)(1)(A) requires a court to conduct the compassionate-release analysis in any particular order").

The Sentencing Commission defines "extraordinary and compelling reasons" for purposes of § 3582(c)(1)(A) in Application Note 1 to U.S.S.G. § 1B1.13. *See* U.S.S.G. § 1B1.13 cmt. (n.1); *see also Bryant*, 996 F.3d at 1247, 1262–63. Pursuant to this definition, there are four circumstances under which "extraordinary and compelling reasons exist": (A) the defendant suffers from (i) "a terminal illness," or (ii) a permanent health condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility from which he or she is not expected to recover"; (B) the defendant is "at least 65 years old," "is experiencing a serious [age-related] deterioration in physical or mental health," and "has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less"; (C) the defendant's assistance is needed in caring for the defendant's minor child, spouse, or registered partner due to (i) "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or (ii) "[t]he incapacitation of the defendant's spouse or registered partner"; and (D) there exist "other" extraordinary and compelling reasons "[a]s determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13 cmt. (n.1

21-10962               Opinion of the Court                    7

(A)–(D)).  We have held that "district courts are bound by the Commission's definition of 'extraordinary and compelling reasons' found in 1B1.13." *Bryant*, 996 F.3d at 1262.  Thus, in order to show that his medical conditions were "extraordinary and compelling reasons" to warrant a sentence reduction, Lawrence had to show that they were terminal or diminished his ability to provide self-care in prison and that he is not expected to recover from those conditions.  *See* U.S.S.G. § 1B1.13, cmt. (n.1(A)).  He did not make that necessary showing.  Accordingly, the district court concluded correctly that he failed to demonstrate extraordinary and compelling reasons.

Contrary to Lawrence's argument, the district court's decision is sufficient to allow for meaningful appellate review.  The district court indicated that the basis for its order was the government's arguments in response to Lawrence's motion, which addressed Lawrence's failure to establish that his medical conditions diminished his ability to self-care or that his conditions were terminal, as is required to demonstrate extraordinary and compelling reasons.  Thus, the district court's explanation, while brief, makes clear the district court's basis for its decision and is sufficient for us to engage in meaningful appellate review.  *See Potts*, 997 F.3d at 1146 (holding that the district court's brief explanation that "even if legally eligible for a sentence reduction . . . the factors set forth in 18 U.S.C. § 3553(a) indicate that a sentence reduction is unwarranted under the facts and circumstances of this case" was sufficient for purposes of

meaningful appellate review where the district court stated it had reviewed the government's response and that response addressed the § 3553(a) factors); *see also Chavez-Meza v. United States*, 138 S. Ct. 1959, 1966 (2018) (explaining that "the judge need not provide a lengthy explanation if the context and the record make clear that the judge had a reasoned basis" for its sentencing decision (quotation omitted)).

Finally, Lawrence's argument that the district court's decision must be vacated because there is no indication that it considered the § 3553(a) factors is foreclosed by binding precedent. *Giron*, 15 F.4th at 1347–48 (holding that if the district court finds against the movant on any of the three compassionate release requirements, it need not analyze the other requirements); *Tinker*, 14 F.4th at 1237–38.

Accordingly, we affirm the district court's denial of Lawrence's motion for compassionate release.

**AFFIRMED.**