[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12814

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ALAN LAMAR MCCORMICK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 1:11-cr-00210-KOB-SGC-1

_____

Before BRANCH, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Alan McCormick, proceeding *pro se*, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). He argues that the district court erred in determining that he failed to show extraordinary and compelling reasons for his compassionate release.[1] After review, we affirm.

## I.    Background

McCormick pleaded guilty in 2011 to one count of attempting to induce a minor to engage in sexual activity and one count of transferring obscene material to a minor. He was

---

[1] McCormick also argues that the district court violated his due process rights by failing to adequately consider the arguments and authorities discussed in his reply, and that the district court's cursory treatment of his reply indicated bias. We disagree. The district court must explain its "decision[] adequately enough to allow for meaningful appellate review." *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021) (quotation omitted). "How much explanation is required depends . . . upon the circumstances of the particular case." *United States v. Potts*, 997 F.3d 1142, 1146 (11th Cir. 2021) (quotation omitted). Here, the district court complied with these requirements as it provided a detailed order explaining its decision. And the order referenced McCormick's reply and some of the exhibits that he attached to the reply, which belies McCormick's contention that the district court ignored his reply and the authorities contained therein.

sentenced to a total of 235 months' imprisonment followed by a life term of supervised release.

In 2020, McCormick filed a *pro se* motion for compassionate release, arguing that he had recently been infected by COVID-19 and was not receiving medical care or treatment. He argued that he suffered from medical conditions that made him highly susceptible to risk from COVID-19, including COPD, high blood pressure, and two heart valve surgeries. As a result, he requested that he be granted compassionate release.

The government argued that McCormick had not shown extraordinary and compelling reasons warranting compassionate release because he failed to show that his medical conditions substantially diminished his ability to provide self-care in prison, and that prison records showed that McCormick was receiving adequate medical care for all of his medical conditions. The government also argued that the 18 U.S.C. § 3553(a) factors weighed against granting compassionate release.

The district court initially denied McCormick's motion, concluding that McCormick did not show extraordinary and compelling reasons as his prison medical records showed that his medical conditions did not substantially diminish his ability to provide-self care in prison, and he had recovered from COVID-19 without complication.

Thereafter, McCormick filed a motion for reconsideration, asserting that he never received the government's response to his

motion and did not have the opportunity to file a reply.   The district court granted the motion for reconsideration and vacated the order denying compassionate release.

McCormick filed a reply, arguing that, based on an internal Department of Justice (DOJ) memorandum, the government was required to concede that extraordinary and compelling reasons existed in his case due to his medical conditions.  He also argued that the § 3553(a) factors supported his request.  In support, he attached a filing from another case that discussed the alleged DOJ policy, as well as news articles discussing COVID-19, and various medical records.[2]

The district court then denied McCormick's motion for compassionate release, concluding that McCormick failed to show that his medical conditions substantially diminished his ability to provide-self care in prison, he had recovered from COVID-19, and he was vaccinated, which decreased his risk of severe complications from possible reinfection.  The district court also noted that, even if an extraordinary and compelling reason existed, the § 3553(a) factors weighed against a reduction.  This appeal followed.

---

[2] The medical records indicated that McCormick has received regular medical care and treatments for his various medical conditions and that he received a Covid-19 vaccine.

## II.    Discussion

Generally, a court "may not modify a term of imprisonment once it has been imposed."    18 U.S.C. § 3582(c).    Section 3582(c)(1)(A), however, provides the following limited exception:

> the court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights . . . may reduce the term of imprisonment . . ., after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*Id.* § 3582(c)(1)(A).[3]  Thus, under § 3582(c)(1)(A), the district court may reduce a movant's imprisonment term if: (1) there are "extraordinary and compelling reasons" for doing so, (2) the factors listed in 18 U.S.C. § 3553(a) favor doing so, and (3) doing so is consistent with the policy statements in U.S.S.G. § 1B1.13. *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021).  If the district court finds against the movant on any one of these requirements, it cannot grant relief, and need not analyze the other requirements.  *Giron*, 15 F.4th at 1347–48; *Tinker*, 14 F.4th

---

[3] We review *de novo* whether a defendant is eligible for an 18 U.S.C. § 3582(c) sentence reduction.  *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir.), *cert. denied*, 142 S. Ct. 583 (2021).

at 1237–38 (explaining that "nothing on the face of 18 U.S.C. § 3582(c)(1)(A) requires a court to conduct the compassionate-release analysis in any particular order").

The Sentencing Commission defines "extraordinary and compelling reasons" for purposes of § 3582(c)(1)(A) in Application Note 1 to U.S.S.G. § 1B1.13.  Pursuant to this definition, there are four circumstances under which "extraordinary and compelling reasons exist": (A) the defendant suffers from (i) "a terminal illness," or (ii) a permanent health condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (B) the defendant is "at least 65 years old," "is experiencing a serious [age-related] deterioration in physical or mental health," and "has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less"; (C) the defendant's assistance is needed in caring for the defendant's minor child, spouse, or registered partner due to (i) "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or (ii) "[t]he incapacitation of the defendant's spouse or registered partner"; or (D) there exist "other" extraordinary and compelling reasons "[a]s determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13 cmt. n.1 (A)–(D).  We have held that "district courts are bound by the Commission's definition of 'extraordinary and compelling reasons' found in [§] 1B1.13," and that Application Note 1(D) "does not grant discretion to courts to develop 'other reasons' that might

justify a reduction in a defendant's sentence." *Bryant*, 996 F.3d at 1248, 1262–65.

McCormick asserted only medical conditions for his compassionate release. Thus, he was eligible for compassionate release only if he showed that he had a terminal illness or that the medical conditions substantially diminished his ability to provide self-care while in prison. U.S.S.G. § 1B1.13 cmt. n.1(A). He failed to show either. Although he argues that his medical conditions place him at severe risk from COVID-19, his medical records show that, despite the pandemic, his conditions are being treated and are manageable in prison and do not interfere with his ability to provide self-care. And we have denied similar motions for compassionate release where an inmate's medical conditions are manageable in prison, even when those conditions may place an inmate at an increased risk from COVID-19. *See Giron*, 15 F.4th at 1346 (holding that the district court did not err in denying compassionate release to an inmate with high cholesterol, high blood pressure, and coronary artery disease even though inmate was at increased risk from COVID-19 because his conditions were manageable in prison); *United States v. Harris*, 989 F.3d 908, 912 (11th Cir. 2021) (holding that the district court did not abuse its discretion by denying compassionate release to an inmate with

hypertension despite the increased risk of death or severe medical complications from COVID-19).[4]

Accordingly, we affirm the district court's denial of McCormick's motion for compassionate release.

**AFFIRMED.**

---

[4] McCormick makes much of the fact that the DOJ had a purported internal policy that if an inmate has certain medical conditions that the CDC has identified as increasing one's risk for complications or death from COVID-19, it should concede that extraordinary and compelling reasons exist, and that the government did not abide by this policy in his case. But even assuming that the government had made such a concession, we would not be bound to accept it. *United States v. Colston*, 4 F.4th 1179, 1187 (11th Cir. 2021).